**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICE GARRETT, f/k/a<br>PATRICE HOWARD THOMAS,<br>3652 Sussex Ln.<br>Philadelphia, PA 19114,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA<br> (Dept. of Prisons & Law Dept.)<br>1515 Arch St.<br>Philadelphia, PA 19102<br>          and<br><br>JOHN/JANE DOES 1-10,<br>(*City Decisionmakers*),<br><br>      Defendants. | C.A. No.:   <u>2:26-cv-2646</u><br><br>***TRIAL BY JURY DEMANDED*** |

## COMPLAINT

Plaintiff, Patrice Garrett, by and through her undersigned attorneys, files the within Complaint *WITH DEMAND FOR TRIAL BY JURY* and avers as follows:

**I.      PARTIES, JURISDICTION, VENUE**

1.      Plaintiff, Patrice Garrett, f/k/a Patrice Howard Thomas, is an adult individual domiciled at the above-captioned address.

2.      Defendant, City of Philadelphia, is a municipal entity which may be served at the above-captioned address. The departments of the City of Philadelphia relevant to this case are the Dept. of Prisons and the Law Dept.

3.      This Court has federal question jurisdiction over Plaintiff's claims under 42 U.S.C. §1983 ("§1983") for violations of her First Amendment rights to free speech and to petition the government for a redress of grievances.

4.      Venue is appropriate in this Court as the transactions and occurrences all occurred in the City of Philadelphia, Pennsylvania.

## II.      FACTS

5.      Plaintiff is a highly qualified social worker. She has been employed by the City of Philadelphia since 2013. Despite her excellent qualifications and work history, she is denied the opportunity to seek promotions because she previously filed a lawsuit to redress egregious acts of sexual harassment.  This has caused Plaintiff great financial harm, embarrassment, humiliation and emotional distress as she watches less experienced, less qualified employees advance beyond her for no reason other than Plaintiff's enforcement of her civil rights.

6.      Plaintiff's original position was corrections officer in the Dept. of Prisons. However, immediately after her hire, she was subjected to outrageous acts of sexual harassment – she was called "fresh meat" by her supervisor, who demanded *quid pro quo* of sexual favors for better working conditions in the jail.

7.      Plaintiff refused to submit to this conduct and sought to enforce her rights to be free from sexual harassment. This ultimately led to a lawsuit filed in this Court, *Patrice Howard Thomas v. Philadelphia, et al.*, E.D. Pa. No. 2:17-cv-4764-GAM  (Hon. Gerald A. McHugh, U.S.D.J., presiding).

8.      Defendant settled that lawsuit for $44,000, following a settlement conference in this Court (Hon. Richard A Lloret, U.S.M.J., presiding).

9.      However, after the settlement conference, the Law Dept. demanded an additional clause – that Plaintiff, who was an active employee of the City – be forever barred from seeking any promotion opportunity within the City.  (Plaintiff does not presently have a copy of the signed Release; a copy will be requested in discovery in this case.)

10. No legitimate purpose is served by this clause. It bears no rational relationship to any legitimate governmental interest of the City and operates solely to penalize Plaintiff for exercising her constitutional rights.

11. Defendant's conduct also violates the unconstitutional conditions doctrine because it denies Plaintiff a benefit simply for exercising a constitutional right.

12. At this time, Plaintiff is classified as Social Work Service Manager II, the highest level within her current civil service classification.

13. In 2021, after the settlement, Plaintiff obtained a master's degree in counseling. This would qualify Plaintiff for certain social work supervisor positions. However, Plaintiff is not eligible for such positions solely because Defendant demanded this punitive clause in retaliation for her exercise of her rights of free speech and to petition the government for the redress of grievances.

14. Plaintiff's work history for the City, before and after the filing of the *Patrice Howard Thomas* matter, is excellent. She is highly respected in her department. She is highly qualified for promotional opportunities that would have been available to her, but for Defendant's misconduct.

15. Plaintiff suffers embarrassment and humiliation as she watches less experienced, less qualified people pass her through the ranks.

16. Plaintiff has also suffered significant financial harm as she cannot seek positions with higher rates of pay.

17. Plaintiff refrained from seeking promotion out of reasonable fear of retaliation.

18. Plaintiff was unsure whether the City would enforce a punitive clause that serves no legitimate purpose. However, she later confirmed that the City is actively enforcing the provision to deny her promotional opportunities. However, she confirmed that Defendant is denying her a promotion as a direct and proximate result of that Release. *Exhibit A*, emails between Plaintiff and Deputy City Solicitor Lisa Swiatek.

3

19.     This is a violation of Plaintiff's First Amendment rights.  The City has not advanced any legitimate interest by demanding or enforcing this agreement. Rather, it has the effect of chilling Plaintiff's rights to free speech and to petition the government for the redress of grievances.  She filed a suit in good faith, settled it with the assistance of this Court, and then after the agreement was reached, the City demanded additional clauses that destroyed her career.

20.     As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered harm. She has watched less qualified applicants be promoted above her. She languishes in her current position, barred from seeking advancement only because of the City's punitive demands.

## III.    CAUSES OF ACTION

### COUNT I:    First Amendment Retaliation (Enforceable Pursuant to § 1983)

21.     Repeats and realleges paragraphs 1-20 as if set forth at length herein.

22.     Plaintiff is a public employee.

23.     Plaintiff engaged in constitutionally protected conduct.

24.     Defendant engaged in retaliatory action sufficient to deter a reasonable person of ordinary firmness from exercising his constitutionally protected rights.

25.     There is a causal link between the constitutionally protected conduct and the retaliatory action.

26.     Plaintiff's complaints about and opposition to the discrimination she suffered constitutes speech protected by the First Amendment.

27.     Plaintiff's filing of the *Howard-Thomas* Matter is a petition to the government for a redress of grievances, protected by the First Amendment.

28.     There is no legitimate reason to prohibit Plaintiff from seeking promotion.  She remains employed by the City, before and after the lawsuit.  The City has never claimed, nor could it

claim, that Plaintiff is unqualified for advancement or unfit for service; rather, it continues to rely solely on the punitive settlement restriction.

29. Defendant is not justified in treating Plaintiff differently from any other employee or applicant or other member of the general public.

30. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered injuries as set forth above and incorporated herein by reference.

### <u>COUNT II</u>:   Unconstitutional Conditions

31. Repeats and realleges paragraphs 1-30 as if set forth at length herein.

32. The Supreme Court has repeatedly held that "the government may not deny a benefit to a person because he exercises a constitutional right." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013), *quoting Regan v. Taxation With Representation of Wash.,* 461 U.S. 540, 545, (1983). *See also*, *e.g., Rumsfeld v. Forum for Academic and Institutional Rights, Inc.,* 547 U.S. 47, 59–60, (2006); *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 78, (1990); *Perry v. Sindermann,* 408 U.S. 593 (1972); *Memorial Hospital v. Maricopa County,* 415 U.S. 250 (1974).

33. In this case, in response to Plaintiff's past claims of employment discrimination, sexual harassment, and refusal to submit to *quid pro quo* advances, Defendant barred Plaintiff's future participation in the civil service process to seek additional promotions within the City.

34. Defendant used its leverage to impose a condition on settlement **after** it entered into an agreement with this Court.

35. The condition imposed by the City impaired Plaintiff's right to seek promotion through Civil Service for no reason other than Plaintiff's past exercise of her Constitutional rights.

36. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injuries as set forth above and incorporated herein by reference.

**COUNT III:  Declaratory Judgment**

37.      Repeats and realleges paragraphs 1-36 as if set forth at length herein.

38.      This action presents an actual, immediate, and justiciable controversy between Plaintiff and Defendant concerning the validity and enforceability of a provision contained in Plaintiff's settlement agreement with the City.

39.      The City has affirmatively taken the position that this provision is enforceable and has applied it to bar Plaintiff from sitting for promotional examinations for positions for which she is otherwise qualified.

40.      Defendant's position is an unlawful violation of Plaintiff's Constitutional rights.

41.      As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is presently and continuously prevented from pursuing advancement opportunities for which she is otherwise qualified, causing ongoing professional, economic, and personal harm.

42.      The challenged provision operates prospectively to restrict Plaintiff's future employment opportunities with the City, despite the fact that Plaintiff remains employed and has not been terminated, disciplined, or otherwise deemed unfit for continued service.

43.      The provision is not narrowly tailored to any legitimate governmental interest and bears no rational relationship to job performance, workplace safety, or workplace efficiency.

44.      Instead, the provision functions to penalize Plaintiff for engaging in protected activity and to deter the exercise of statutory and constitutional rights by conditioning settlement on the relinquishment of future employment/promotion opportunities.

45.      The City's continued enforcement of this provision constitutes an ongoing application of an unlawful policy and presents a real and substantial controversy warranting declaratory relief.

6

46.     Plaintiff seeks a declaration that the provision in her settlement agreement purporting to bar her from seeking employment or promotion is unlawful, void, and unenforceable as against public policy and applicable law.

47.     A declaratory judgment will resolve the uncertainty surrounding Plaintiff's rights and legal relations with the City and will afford relief from the ongoing harm caused by the City's position.

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Patrice Garrett, and against Defendant City of Philadelphia and grant the following relief:

- Award all compensatory damages available to Plaintiff, including but not limited to economic losses, including lost earning capacity, and lost promotional opportunities; emotional distress, embarrassment, humiliation and other harms;

- Declare that the provision in Plaintiff's settlement agreement purporting to prohibit her from seeking employment or promotion within the Department of Prisons is unlawful, void, and unenforceable;

- Issue preliminary and permanent injunctive relief prohibiting Defendant from enforcing the unlawful restriction against Plaintiff;

- Issue injunctive relief requiring Defendant to permit Plaintiff to apply for, sit for, and be considered for promotional examinations and advancement opportunities on the same terms as other qualified employees;

- Award reasonable attorneys' fees and costs;

- Award pre-judgment and post-judgment interest as permitted by law; and

- Grant such other and further relief as this Court deems just and proper.

***TRIAL BY JURY DEMANDED***

Respectfully submitted,

CREECH & CREECH, LLC

/s/ Timothy P. Creech

TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:      April 22, 2026