**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICE GARRETT,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **No. 26-2646** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **JOHN/JANE DOES 1-10,** | : | |
| **Defendants.** | : | |

**McHUGH, J.** **October 1, 2026**

**MEMORANDUM**

This case concerns whether a particular provision in a prior settlement agreement resolving an employment dispute is enforceable, and whether enforcement of that term violates Plaintiff's constitutional rights. Defendant City of Philadelphia has moved to dismiss on several grounds, including timeliness. Because the allegations in the Amended Complaint demonstrate that the applicable statute of limitations has run, its motion will be granted.

**I. Facts as pleaded**

Plaintiff Patrice Garrett has worked for the City of Philadelphia since 2013. Am. Compl. ¶ 5, ECF 10. She is a highly qualified social worker with a long-standing record of excellence in the workplace. *Id.*; *Id.* ¶ 17. She alleged in a prior action that at her original position as a corrections officer the Department of Prisons, she was "immediately … subjected to outrageous acts of sexual harassment" and brought a suit in this Court to enforce her rights. *Id.* ¶¶ 6–7. That case settled for $44,000. *Id.* ¶ 8. After the settlement conference, the City is alleged to have "demanded" an additional term to the agreement barring the Plaintiff from seeking future

employment or promotion within the Department of Prisons. *Id.* ¶ 9; Ex. A. With this now disputed term included, Plaintiff signed the agreement on November 19, 2018. Ex. A.

In the time since, Plaintiff has worked for the City's Department of Human Services, first as a trainee, then as a Social Work Service Manager I, and presently as a Social Work Service Manager II, the highest level within her classification. Am. Compl. ¶¶ 12–13, ECF 10. She has also obtained a master's degree in counseling. *Id.* ¶ 14. This degree does not qualify her for promotion within her current department but would make her eligible for certain supervisory positions in the Department of Prisons. *Id.* ¶ 15. Despite this, along with her excellent track record at work, Plaintiff is ineligible to apply for these positions due to the earlier settlement agreement. *Id.* ¶¶ 16–17.

Plaintiff alleges she was unsure whether the City would enforce the clause in question, and so she emailed a Deputy City Solicitor on February 18, 2026 "requesting confirmation as to whether this provision" would prevent her from taking prerequisite examinations and applying for promotion in the Department of Prisons. *Id.* ¶ 21; Exhibit B. The Deputy City Solicitor responded on that date pledging to get back to Plaintiff, and did so on February 24, 2026, confirming that the City views the term as enforceable. Exhibit B. This suit followed.

**II. Standard of Review**

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although the statute of limitations is an affirmative defense, an action may be dismissed under Rule 12 if the complaint on its face shows that the action is untimely. *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

## III. Discussion

### A. Plaintiff's Claims Are Time-Barred

#### *1. A Reasonable Person Would Have Known of the Harm in 2018*

Claims brought under § 1983 are subject to state statutes of limitations governing personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249–250 (1989). In Pennsylvania, such claims must be brought within two years. 42 Pa. Cons. Stat. Ann. § 5524(7); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

While state law dictates the timeframe, federal law governs when the clock starts running. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). It does so "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). And this inquiry is objective, asking "not what the plaintiff actually knew but what a reasonable person should have known," *Kach*, 589 F.3d at 634, regardless of whether "the full extent of the injury" is known or predictable. *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

The harm alleged by the plaintiff stems directly from the settlement agreement signed in November of 2018. Am. Compl. ¶ 16, ECF 10; Ex. B. Plaintiff's ineligibility for promotion or employment took effect once the agreement was signed, as evidenced by the complaint, which pinpoints when the City required that the clause barring future employment in the prisons be added. *Id.* ¶ 22. Although Plaintiff alludes to the City "demanding" that this term be added after the settlement conference with the magistrate judge, she does not allege fraud, coercion, or other subsequent improper, discrete acts that might call into question the enforceability of the agreement. Am. Compl. ¶ 22, ECF 10. And regardless, the conduct of which she complains would have occurred before she signed the document in November. It bears mention that the

settlement was negotiated with the assistance of the Court. The docket from the prior action reflects that Magistrate Judge Lloret held two settlement conferences, October 12th and 23rd, 2018, with an order of dismissal entered October 24th, 2018,[1] leaving Plaintiff almost a month to return to him before she signed the agreement to object that the City was unfairly introducing a new, material term which was not a part of the settlement negotiated.

Plaintiff counters that the proper date of accrual is February 24, 2026, when the City responded affirming its position on the agreement's enforceability. Pl. Opp. to Def. Mot. to Dismiss 7, ECF 13. She argues that this constituted a discrete refusal to hire or promote which is separately actionable. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that each discrete retaliatory adverse employment decision is a separate, actionable event); *see also O'Connor v. City of Newark*, 440 F.3d 125, 128 (2006) (holding that this principle applies to § 1983 claims).

This argument suffers from two weaknesses. First, as a conceptual matter, because Plaintiff signed away her right to be employed by the Philadelphia Prisons, albeit unfairly in her view, it is difficult to characterize the City's enforcement of a settlement agreement as a new act of discrimination. Pennsylvania treats releases as contracts and enforces their terms literally even when they have unexpected and harsh consequences. *See e.g. Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989) (holding that general release in auto accident case barred

[1] *Thomas v. City of Philadelphia,* 17-cv-04764, ECF 15, 16, 17. "Under Federal Rule of Evidence 201, [a court] may take judicial notice at any stage of the proceeding of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *Ieradi v. Mylan Laboratories, Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000). This includes docket records. *Zedonis v. Lynch*, 233 F.Supp.3d 417, 422 (M.D. Pa. 2017) ("Judicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss.") (cleaned up); *see also Kendall v. Lancaster Exploration & Development Company, LLC*, 323 F.Supp.3d 664, 671 n. 23 (M.D. Pa. 2018) (taking judicial notice a docket when deciding a motion to dismiss).

unrepresented plaintiff from later suing a hospital for malpractice). Plaintiff here, represented by counsel, explicitly agreed to the provision she now seeks to invalidate.

Second, Plaintiff knew what the agreement encompassed when she signed it in 2018. She may regret the consequences now that employment within the prisons presents better opportunities, but time begins to run regardless of whether "the full extent of the injury" is known or predictable. *Wallace*, 549 U.S. at 391. Plaintiff cannot restart the clock by merely inquiring about the validity of the agreement years after it had been memorialized. "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that [s]he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id*.

Because Plaintiff's complaint clearly attacks the validity of the agreement she admittedly signed in 2018, any retaliation claims are time-barred. I therefore decline to reach the merits and will grant the City's motion to dismiss her First Amendment Retaliation claim.

*2. Plaintiff's Unconstitutional Conditions Claim is Similarly Time-Barred*

Plaintiff also claims that the inclusion and enforcement of the clause violates the "unconstitutional conditions doctrine," which "vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up." *Koontz v. St. John's River Water Management Dist.*, 570 U.S. 595, 604 (2013). Under this doctrine, "the government may not place a condition on the receipt of a benefit or subsidy that infringes upon recipient's constitutionally protected rights, even if the government has no obligation to offer the benefit in the first instance." *Alliance for Open Society Intern., Inc. v. U.S. Agency for Intern. Development*, 651 F.3d 218, 231 (2011).

But these claims are also brought pursuant to § 1983: "More generally, under the doctrine of unconstitutional conditions, we have held that official retaliation for the exercise of *any* constitutional right creates an actionable claim under Section 1983." *Anderson v. Davila*, 125 F.3d 148, 162 (3d Cir. 1997). This claim is therefore time-barred for the same reasons set forth above.

**IV. Conclusion**

Defendant's motion to dismiss will be granted. An appropriate order follows.

/s/Gerald Austin McHugh
United States District Judge